**ESSLINGER'S, INC. (a Pennsylvania Corporation)**

v.

**LONDON GUARANTEE AND ACCIDENT COMPANY, Limited (a Capital Stock Company).**

Civ. A. No. 30279.

United States District Court
E. D. Pennsylvania.

March 21, 1962.

Norman C. Henss, Cohen, Shapiro & Cohen, Philadelphia, Pa., for plaintiff.

Paul J. Donnelly, Philadelphia, Pa., for defendant.

GRIM, Senior Judge.

Plaintiff opposes defendant's motion to join third-party defendants.

This is an action against the defendant insurance company on a blanket crime insurance policy issued by it. Plaintiff rests its claim on allegations that it suffered losses at least in the full amount of the $75,000 policy limit because of fraudulent and dishonest acts of plaintiff's employees in issuing credit memoranda to certain customers for larger numbers of empty beer bottles than the customers actually returned to plaintiff's brewery.

Defendant seeks to join as third-party defendants five of plaintiff's employees and eight of plaintiff's customers, seeking indemnity from the third-party defendants on the theory that defendant will be subrogated to plaintiff's rights against the employees and the customers in the amount which defendant may be compelled to pay to plaintiff.

F.R.Civ.P. rule 14, 28 U.S.C.A. provides:

"* * * A defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

Under this rule it is obvious that the defendant in the present case may bring into the case in a third-party action the employees and customers involved in the alleged plan to cheat plaintiff. Plaintiff's argument against joining the third-party defendants in substance is that the trial of the additional case along with the original case will make the trial so complicated that it will be almost unmanageable. This contention, however, is not an argument against joining the additional defendants in the present action but rather it indicates that there may be a question whether under Rule 42(b) the original action and the third-party action should be separated for trial purposes. Whether or not this should be done is not now before the court and should not be passed upon until after discovery has been completed.

## ORDER

AND NOW, March 21, 1962, defendant's motion to join Frank Feeney, Edward McCarthy, Leo Maisey, Nicholas Piar, John McLaughlin, Pasquale Cianfrani, Mario D'Imperio, Clarence West, Frank Gross, Alexander Terescho, John Thomas, and Edward Morgan as third-party defendants is granted, and it is ordered that a third-party summons and the third-party complaint be served upon them, together with a copy of this order.